UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE N. HINGLE                                    CIVIL ACTION

VERSUS                                              NO: 08-5079

SCOTTSDALE INSURANCE COMPANY                        SECTION: R(5)


**ORDER**

Before the Court is plaintiff Dwayne Hingle's Motion to Remand.  R. Doc. 11.  This personal injury case was originally brought in Louisiana state court, and defendant Scottsdale Insurance Company first removed to the Eastern District of Louisiana on August 26, 2008, alleging diversity jurisdiction.  *See* No. 08-4277, R. Doc. 1.  The Court remanded the case on November 3, 2008, because Scottsdale failed to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.00.  *See* No. 08-4277, R. Doc. 17.  Scottsdale removed again on December 4, 2008, *see* R. Doc. 1, and Hingle again moves to remand.  R. Doc. 11.

Scottsdale must show by a preponderance of the evidence that Hingle's claims exceed $75,000.00, by setting forth specific facts or showing that it is facially apparent. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The Court's November 3, 2008, Remand Order discussed, at length, Scottsdale's failure to do so on the basis of Hingle's state court complaint. *See* No. 08-4277, R. Doc. 17. For this Motion, Scottsdale has not offered any new evidence, except Hingle's response to defendant's state court Request for Admissions. Scottsdale requested the following admission from Hingle: "Plaintiff's damages will not exceed the sum of $75,000.00."[1] R. Doc. 12-2. Scottsdale argues that plaintiff denied this admission, but this is not accurate. Hingle responded: "Denied for lack of sufficient information to justify a reasonable belief therein; plaintiff is still treating." R. Doc. 12-3. This is not an admission that Hingle is seeking more than $75,000.00. It is a confession that Hingle does not know the extent of his damages yet. Hingle's state court complaint remains the same. *Compare* No. 08-4277, R. Doc. 1-2 *and* No. 08-5079, R. Doc. 1-2. Moreover, Hingle's statement that he "is still seeking treatment" does not make it more

---

[1] Louisiana Code of Civil Procedure article 893 allows a defendant to seek, by interrogatory, "specification of the amount sought as damages."

facially apparent that Hingle's claims exceed the jurisdictional amount, and Scottsdale has not provided any other evidence documenting Hingle's damages. Because Scottsdale has not met its burden to show that the jurisdictional amount is met, Hingle's Motion to Remand is granted.

The removal statute gives district courts the discretion to award "just costs and actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." *Martin*, 546 U.S. at 141. However reasonable Scottsdale's first removal may have been, it was not objectively reasonable to remove the case a second time on the same facts. "As a general rule," once a case is remanded, the defendant cannot remove based on the same grounds. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)(*citing St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 216-27 (1883) *and In re La Providencia Dev't Corp.*, 406 F.2d 251, 252 (1st Cir. 1969)). Here, Scottsdale seeks to remove the same complaint without showing any changed circumstances. Hingle's complaint explicitly asked for future expenses and damages, and the Court rejected that this prayer for relief facially

established that Hingle's claim exceeds $75,000.00. *See* No. 08-4277, R. Doc. 17 at 7. Hingle's vague statement that he is still undergoing medical treatment, without *some* indication that this treatment will push his claim over the jurisdictional limit, adds no further basis for concluding that the jurisdictional amount is met. Further, there is simply no way to read Hingle's admission as stating that he is seeking damages in excess of $75,000.00. Hingle's request for attorney's fees is therefore granted, and this case is referred to the Magistrate to determine a reasonable fee for time spent preparing Hingle's second remand motion.

New Orleans, Louisiana, this __11th__ day of February, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4