UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE N. HINGLE | CIVIL ACTION |
| VERSUS | NO: 08-5079 |
| SCOTTSDALE INSURANCE COMPANY | SECTION: R(5) |

**ORDER**

Before the Court is Scottsdale Insurance Company's Motion for Reconsideration. The Court denies Scottsdale's Motion for the reasons stated below.

**I. Background**

Scottsdale Insurance Company first removed this personal injury case to the Eastern District of Louisiana on August 26, 2008, alleging diversity jurisdiction. (*See* No. 08-4277, R. Doc. 1). The Court remanded the case on November 3, 2008, because Scottsdale failed to show by a preponderance of the evidence that the amount in controversy exceeded $75,000. (No. 08-4277, R. Doc. 17). Scottsdale removed again on December 4, 2008, (*See* R.

Doc. 1), arguing that removal was proper because plaintiff denied Scottsdale's requested admission that "Plaintiff's damages will not exceed the sum of $75,000.00." In fact, plaintiff's response to Scottsdale's request was "Denied for lack of sufficient information to justify a reasonable belief therein; plaintiff is still treating." (R. Doc. 12-3). The Court held that Scottsdale's second removal based solely on this admission was unreasonable, and remanded again. (*See* R. Doc. 18) The Court also ordered defendant to pay plaintiff counsel's attorney's fees and referred the matter to the Magistrate to determine a reasonable fee for time spent preparing Hingle's second remand motion. (*Id.*). Scottsdale now asks the Court to reconsider its fee award.

**II. Legal Standard**

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a

motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. Analysis**

Scottsdale argues two grounds for reconsideration. First, Scottsdale argues that its removal was objectively reasonable. Next, Scottsdale states that a fee award was improper because plaintiff failed to "disclose facts necessary to determine jurisdiction." The Court has already considered and rejected Scottsdale's first argument, and Scottsdale has not shown clear

3

error.  Scottsdale improperly raises its second argument for the first time in a motion for reconsideration and fails to support it with evidence.

    *i.   Basis for Removal*

Scottsdale once again presses its argument that it was reasonable to re-remove this case, because plaintiff "denied" Scottsdale's requested admission that plaintiff would not seek more than $75,000.00 in damages.  Scottsdale cites Fed. R. Civ. P. 36(c)(4) and argues that it "removed the case upon receipt of these denials on the basis that a party may not deny a request under qualification without admitting which part of the request is true."  (R. Doc. 21-2, at 3).  Specifically, Scottsdale emphasizes that Rule 36(c)(4) requires a party who qualifies an admission answer to "specify the part admitted and qualify or deny the rest."  Fed. R. Civ. Pro. 36(c)(4).  The Court does not see any problem with plaintiff's response.  It is unclear how Scottsdale expected plaintiff to admit in part the statement "Plaintiff's damages will not exceed $75,000.00."  And Scottsdale concedes that it would have been proper under Rule 36 for Hingle to respond that he "could not answer the request after a reasonable inquiry."  This response is not meaningfully different than Hingle's actual response: "Denied for lack of sufficient information to justify a reasonable belief therein; plaintiff is

4

still treating." If anything, Hingle's answer is more helpful than the one Scottsdale indicates would suffice.[1]

In any event, Rule 36(c)(4) does not apply to Scottsdale's request for admissions in state court. *See* Fed. R. Civ. Pro. 81(c)(Federal rules "apply to a civil action *after* it is removed from state court.")(emphasis added); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000)("The federal rules do not apply to filings in state court, even if the case is later removed to federal court."). Even if it did, compliance with Rule 36 does not dictate when it is reasonable to remove a case and abruptly halt an on-going state court proceeding. The question is whether Hingle's response provided Scottsdale with an objectively reasonable basis to remove. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Court explained in its remand Order, that answer is no. (*See* R. Doc. 18). Scottsdale's Rule 36 digression does not demonstrate that the Court's analysis contained "a manifest error of law or fact." *Ross*, 426 F.3d at 763.

   *ii. Hingle's failure to disclose jurisdictional facts*

---

[1] In light of Ungarino & Eckert, LLC's history of questionable removal practices, *see Hollier v. Willstaff Worldwide, Inc.*, No. 08-1382, 2009 WL 256503 (W.D.La. 2/3/09), the Court is also skeptical that Scottsdale's counsel would not have removed this case if Hingle had given the answer Scottsdale says is proper.

5

Scottsdale next argues that the Court should reconsider its Order granting attorney's fees, because Hingle has "refused to respond to defendant's requests for medical data, or any information regarding the amount in controversy." Scottsdale cites the Supreme Court's decision in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There the Court stated that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule [that courts may award attorney's fee where removal is objectively unreasonable]. For instance, a plaintiff's delay in seeking remand or *failure to disclose facts necessary to determine jurisdiction* may affect the decision to award attorney's fees." *Id.* at 141 (emphasis added).

The Court notes first that Scottsdale did not make this argument in response to Hingle's request for fees in his remand motion, and a motion for reconsideration "cannot be used to raise arguments which could and should have been made before...." *Metropolitan Interconnect, Inc. v. Alexander & Hamilton, Inc.*, No. 04-2896, 2006 WL 1432365 at *2 (E.D.La. 6/17/2005)(*quoting Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Scottsdale also fails to submit any proof that Hingle did not provide requested discovery. The only evidence Scottsdale attaches are its requests for admissions, Hingle's responses, and two letters requesting copies of "all medicals in [Hingle's

counsel's] file." Hingle's response to Scottsdale's requested admission does not show that Hingle concealed jurisdictional facts, and nothing else in the record indicates to what extent Hingle withheld "facts necessary to determine jurisdiction," *Martin*, 546 U.S. at 141, if at all. The Court cannot therefore determine if an exception to the rule that fees can be awarded is warranted.

**III. Conclusion**

For the reasons stated above, the Court declines to reconsider its Order granting attorney's fees.

New Orleans, Louisiana, this  6th  day of April, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE